UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHERYL MOULTON,<br><br>        Plaintiff,<br><br>    v.<br><br>GAYLE A. KERN, et al.,<br><br>        Defendants. | Case No.: C 10-3197 PVT<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA; CONTINUING CASE MANAGEMENT CONFERENCE; AND EXTENDING TIME TO SERVE COMPLAINT** |

    In this action, Plaintiff asserts numerous causes of action primarily against Nevada residents arising out of actions which occurred in Nevada. The factual bases for the complaint appear to substantially overlap the factual bases for her prior complaint in *Moulton v. Eugene Burger Management Corporation, et al.*, C07-5861 JW, and nine of the Defendants in this case were also Defendants in that case. Because, as in this case, not all Defendants resided in one district, and because the events giving rise to the action arose in Nevada, Judge Ware found transfer of that case to the District of Nevada was warranted. Based on the file herein,

    IT IS HEREBY ORDERED that, no later than November 2, 2010, Plaintiff shall file a brief showing cause, if any, why the present case should not also be transferred to the United States District Court for the District of Nevada, for the same reasons set forth in District Judge Ware's February 29, 2008 Order in Case No. C07-5861 JW (at docket no. 69 therein). The court realizes

ORDER, *page 1*

that Plaintiff's new complaint allegations that Defendant Gayle Kern committed perjury in Case No. C07-5861 JW in this district. However, "a civil action for damages for injuries arising from false testimony or perjury is not recognized in California." *See, Ting v. U.S.*, 927 F.2d 1504 (9th Cir. 1991), citing *Agnew v. Parks*, 172 Cal.App.2d 756, 765 (1959). Thus, the court will disregard those allegations in determining whether this case should be transferred to the District of Nevada.

IT IS FURTHER ORDERED that the Case Management Conference herein is CONTINUED to 2:00 p.m. on December 14, 2010.

IT IS FURTHER ORDERED that the deadline for Plaintiff to serve process on Defendants pursuant to Federal Rules of Civil Procedure 4(m) is extended to January 31, 2011. However, nothing precludes Plaintiff from effecting service prior to a court ruling on her application to proceed *in forma pauperis*, whether by personal service, or by requesting a waiver of service pursuant to Rule 4(d). Plaintiff may serve a copy of this order along with any such Rule 4(d) request for waiver of service. Defendants are cautioned that Rule 4(d)(2) mandates that the court must order any Defendant who fails to waive service to reimburse Plaintiff for any costs she later incurs to effect actual service, as well as for reasonable expenses incurred to collect those costs. *See*, FED.R.CIV.PROC. 4(d)(2).

Dated:   *10/6/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge